UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE: _____

GUILLERMO F. VECINO,

    Plaintiff,

vs.

SCAFF-TECH, INC., and
EDWARD RODRIGUEZ,
*in his individual capacity*,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, GUILLERMO VECINO, sues Defendants, SCAFF-TECH, INC., *a Florida Corporation*, and EDWARD RODRIGUEZ, *in his individual capacity* (collectively referred to as "Defendants") and alleges:

1. This is an action for unpaid wages and overtime compensation, liquidated damages, reasonable attorney's fees and costs, and other relief under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

Jurisdiction and Venue

2. The Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 216(b); 28 U.S.C. §1331; 28 U.S.C. §1337; and 28 U.S.C. §1343. The Court has authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 *et seq*.

3. Venue is proper pursuant to 28 U.S.C. §1331 as Plaintiff was employed within the Southern District of Florida by Defendant; Defendant at all material times conducted business in

the Southern District of Florida; and/or pursuant to 28 U.S.C. §§ 1391(b) and (c), because the acts that gave rise to the Plaintiff's claims occurred within the Southern District of Florida and because Defendant is subject to personal jurisdiction therein.

## Parties

4. At all times material hereto, Plaintiff, GUILLERMO F. VECINO, is an individual over eighteen years of age, otherwise *sui juris*, a resident of the State of Florida, and an "employee" of Defendant as defined by the FLSA.

5. Plaintiff, GUILLERMO VECINO, was employed by Defendant from May 1, 2018 until August 26, 2019 performing manual labor for Defendant in Miami-Dade County, Florida.

6. Defendant, SCAFF-TECH, INC., was and is a Florida corporation with its principal place of business in Broward County, Florida, was an enterprise covered by the FLSA, engaged in commerce as a contractor, was Plaintiff's "employer" as defined by 29 U.S.C. § 203(r) and 203(s), and engaged along with its employees in interstate commerce and/or utilizes goods in the flow of commerce across state lines.

7. At all times material hereto, Defendant, EDWARD RODRIGUEZ, is an individual over eighteen years of age, is otherwise *sui juris*, is a resident of the State of Florida, and an "employee" of the Defendant as defined by the FLSA.

8. Defendant, EDWARD RODRIGUEZ, was and continues to be an Officer/Director of Defendant SCAFF-TECH, INC. At all times material hereto, Defendant, EDWARD RODRIGUEZ, was acting in the interests of the corporate Defendants and responsible for its pay policies and compliance with the Fair Labor Standards Act.

## General Allegations

9. Plaintiff performed work directly essential to the business performed by Defendant

SCAFF-TECH, INC., and Defendants SCAFF-TECH, INC., and EDWARD RODRIGUEZ failed to pay Plaintiff the full and proper wages <u>and</u> the full and proper overtime wages for all hours worked in excess of forty (40) within a work week in violation of 29 U.S.C. §§ 201-209.

10. Defendants, SCAFF-TECH, INC., *a Florida Corporation*, and EDWARD RODRIGUEZ, have knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

11. The records, if any, concerning the date range of Plaintiff's employment, the number of hours Plaintiff actually worked, and the compensation actually paid to Plaintiff are in the possession and/or control of Defendants; however, Plaintiff has attached a statement of claim as "Exhibit A" to provide initial estimates of his damages. These amounts may change as Plaintiff engages in the discovery process.

12. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

13. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
### Violation of 29 USC §207, Overtime Compensation

Plaintiff realleges and reavers the allegations of Paragraphs 1 through 13 as fully set forth herein, and further alleges:

14. Plaintiff's employment with Defendants was based on an hourly rate of pay.

15. From the first week of employment with Defendant and through to the last, Plaintiff worked in excess of 40 hours per week for which he was not compensated at the statutory rate of time and one-half.

16. Plaintiff was entitled to be paid at the rate of time and one-half for all hours he

worked in excess of the maximum hours provided for in the FLSA.

17. Defendants willfully and intentionally refused to pay Plaintiff the right wages and overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages and straight time for the time period specified above.

18. Defendants knew of and/or showed reckless disregard for the provision of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of time and one-half for all hours he worked in excess of forty (40) hours per week when it knew or should have known such was due.

19. Despite protest and complaint, Defendants have failed to pay Plaintiff his hourly wages at $33.15 per hour.

20. All wage and hour payments were made for less than agreed time and always failed to pay Plaintiff overtime wages. Defendants are accordingly liable for all the unpaid wages at the contractual hourly rate and for the overtime wages that Defendants did not pay.

21. Defendants failed to properly disclose or apprize Plaintiff of his rights under the FLSA.

22. Defendants knew of and/or showed reckless disregard for the provision of the FLSA as evidenced by its failure to compensate Plaintiff for the contractual hourly rate and for the statutory rate of time and one-half for all hours she worked in excess of forty (40) hours per week when it knew or should have known such was due.

23. As a direct and proximate result of the willful disregard of the FLSA by Defendants, Plaintiff is entitled to liquidated damages.

24. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered lost wages, plus an equal amount as liquidated

damages.

25. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

Wherefore, the Plaintiff respectfully requests that judgment be entered in his favor against Defendants, SCAFF-TECH, INC., *a Florida Corporation*, and EDWARD RODRIGUEZ, *in his individual capacity,* jointly and severally, declaring, pursuant to 28 U.S.C. §2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provision of the FLSA, awarding Plaintiff overtime compensation, liquidated damages, reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. §216(b); post judgment interest; and Ordering any other further relief this Court deems to be just and proper, and <u>Plaintiff hereby demands a trial by jury on all issues so triable</u>.

**Dated: November 4, 2019**

        Respectfully submitted,

By: <u>/s/ Daniel B. Reinfeld</u>
DANIEL B. REINFELD, ESQ.
Florida Bar No.: 174815
DANIEL B REINFELD PA
Attorneys for Plaintiff
2450 Hollywood Blvd., Suite 706
Hollywood, FL 33020
Telephone: (954) 923-6110
Facsimile: (954) 628-5054
E-Mail: dan@reinfeldlaw.com

# Exhibit A
# STATEMENT OF CLAIM

### Unpaid Overtime and Minimum Wages

| Actual or estimated work dates[1] | Weeks[1] | Hours for which payment is sought[1] | FLSA Equivalent Regular Hourly Rate[1] | Wage Hourly Rate[2] | Overtime Hourly Rate[1] | Total Unpaid Overtime/ Minimum Wages[1] | Total Liquidated Damages[1] |
|---|---|---|---|---|---|---|---|
| May 1, 2018 - Aug. 26, 2019 | 68 | 471.78 | 33.15 | $8.46 | $49.72 | $23,459.26 | $23,459.26 |

| | |
|---|---|
| **Total Unpaid Overtime and Minimum Wages[1]** | $23,459.26 |
| **Total Liquidated Damages[1]** | $23,459.26 |
| **Total[1]** | $46,918.521 |

[1]Numbers are averages, estimates, and/or approximates. Time and payroll records are in the possession and/or control of Defendants. The amount of damages claimed in this statement of claim, and the amount of damages claimed in the Complaint, may change as information is uncovered through the discovery process.
[2]Florida Minimum Wage rate in effect at time of claim.  Federal Minimum wage rate is/was $7.25.